United States District Court
Southern District of Texas
**ENTERED**
October 23, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Reginald A. Browder, § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> Guerra Days Law Group § <br> *Defendant*. § | Civil Action H-22-2463 |

## MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 23. Pending before the court are Defendant's Motion to Dismiss, ECF No. 29, and Plaintiff's Motion to Amend, ECF No. 32. The court has considered the motions, the responses, and the applicable law. The court recommends that the motion to dismiss be **GRANTED IN PART** and that the motion to amend be **GRANTED**.

### 1. Factual Background

Defendant Guerra Days Law Group (Guerra Days) seeks dismissal of Plaintiff's First Amended Complaint. Plaintiff Reginald A. Browder alleges that he is a disabled African American man who hired Guerra Days over the internet on October 14, 2020. ECF No. 27 at 1. Guerra Days filed a wrongful foreclosure suit in state court on behalf of Browder on October 22, 2020. *Id.* On April 1, 2022, Guerra Days told Browder that a $10,000 retainer would be required to complete a jury trial on the case. *Id.* Pursuant to that discussion, on April 5, 2022, Browder paid Guerra Days the full $10,000 retainer fee, which Guerra Days accepted. *Id.* That same day, Browder informed Guerra Days that he was "a Disabled Person of Color and had received Disability support in the past." *Id.* at 2.

On April 26, 2022, "Defendant abruptly dropped Plaintiff[']s Case citing an [in]ability to pay Attorney fees." ECF No. 27 at 2. Guerra Days returned Browder's retainer that same day. *Id.* The complaint alleges that Guerra Days "abandoned Plaintiff[,]" "dropped Plaintiff[']s case[,]" and "would not even look at the case[,]" despite receiving payment, "because of Plaintiff[']s Disability and Color and or Race." *Id.*

Browder brought this lawsuit "for Race and Disability Discrimination[] in violation of the Civil Rights Act of 1964 . . . [and] for Breach of Contract and Intentional Infliction of emotional Distress of a Disabled Person in Violation of State and Federal Law and Common Law." ECF No. 27 at 2–4. Guerra Days filed a motion to dismiss arguing that the court lacks subject matter jurisdiction, or in the alternative, that Browder failed to state a claim upon which relief can be granted. ECF No. 29 at 3, 7. Browder has responded to the motion to dismiss, although he titled the document "Objections." ECF No. 31. Browder also moved again for leave to amend his complaint. ECF No 32.

Browder is pro se. As such, and as is customary, the court will liberally construe his pleadings. *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019). Browder has alleged facts and causes of action several times and in several different documents. *See, e.g.,* ECF Nos. 1, 18, 27, 31, 32. In deciding the pending motions, the court has carefully considered the live complaint, as well as Browder's prior complaint and other filings to determine whether Browder can allege facts to support the causes of action he alleges.

## 2. *Subject Matter Jurisdiction*

The court must first determine whether it has subject matter jurisdiction. *See JTB Tools & Oilfield Servs., LLC v. United States*, 831 F.3d 597, 599 (5th Cir. 2016) ("Before addressing the merits of a case, a federal court must determine whether jurisdiction is proper."). "Federal courts are courts of limited jurisdiction[,]" and

2

the presumption is that "a suit lies outside this limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (quoting *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001)). A court may dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure (Rule) 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Settlement Funding, L.L.C.*, 851 F.3d at 534 (quoting *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, 666 F.3d 932, 935 (5th Cir. 2012)) ("A lack of subject matter jurisdiction may be raised at any time and may be examined for the first time on appeal."). The court has "an independent obligation to determine whether subject-matter jurisdiction exists." *Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 749 (5th Cir. 2020) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)).

The issue before the court is whether this case presents a federal question. Federal question jurisdiction requires that the civil action "aris[e] under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. The court will apply the "well-pleaded complaint" rule in evaluating jurisdiction. That is, "[a] federal question exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008) (citation and internal quotation marks omitted).

"In federal question cases . . . 'where the complaint . . . is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions . . . must entertain the suit.'" *Southpark Square Ltd v. City of Jackson*, 565 F.2d 338, 341 (5th Cir. 1977) (quoting *Bell v.*

3

*Hood*, 327 U.S. 678, 681–82 (1946)). The two exceptions are where the federal question "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Id.* (quoting *Bell*, 327 U.S. at 681–82). But the "jurisdictional issue here is entirely separate from the question[] whether the complaint states a claim on which relief can be granted." *Id.* at 343 n.7. "Although a federal question substantial enough to confer jurisdiction but not substantial enough to state a cause of action is difficult to conceive, the doctrine is well established." *Id.* (citing *Wheeldin v. Wheeler*, 373 U.S. 647 (1963)).

Browder has the burden to prove by a preponderance of the evidence that the court has subject matter jurisdiction. *In re S. Recycling, L.L.C.*, 982 F.3d 374, 379 (5th Cir. 2020). "A district court may dismiss a case under Rule 12(b)(1) based on '(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Id.* (quoting *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

On its face, Plaintiff's First Amended Complaint includes a claim for race and disability discrimination under federal law. ECF No. 27 at 3. Browder's complaint alleges that he informed Guerra Days that he was a disabled person of color and that Guerra Days took discriminatory action on account of his race and disability by refusing to continue representing him. *Id.* at 1–2. Browder argues that this conduct violated the Civil Rights Act of 1964. *Id.* ¶¶ 20, 25–31. Browder has stated that he seeks recovery under federal law and has provided facts supporting his claim. That is sufficient to support federal question jurisdiction. While Guerra Days argues that the facts alleged "do not create a situation or circumstance covered by the Civil Rights Act[,]" the merits of Browder's federal

4

claim are not determinative of whether federal question jurisdiction exists. 565 F.2d at 343 n.7. Moreover, as will be discussed next, Browder has stated facts sufficient to survive dismissal.

### 3. *Defendant's Motion to Dismiss the Federal Claims*

Finding subject matter jurisdiction, the court turns to whether Browder's complaint states any federal claim upon which relief can be granted under Rule 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must have pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Courts accept "all well-pleaded facts as true" and "view[] them in the light most favorable to the plaintiff." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

Browder's filings allege, in pertinent part, that: he hired Guerra Days via the internet on October 14, 2020; Guerra Days filed a lawsuit on Browder's behalf; Guerra Days requested, and Browder paid, a $10,000 attorney's fee on April 5, 2022; Browder told Guerra Days about his race and disability on April 5, 2022; Guerra Days returned Browder's money and terminated legal services citing Browder's inability to pay legal fees on April 26,

2022. ECF No. 27 at 1–2. Browder also alleged that he heard during a phone call someone at the Guerra Days firm making racial slurs. ECF No. 1 at 4.

Guerra Days denies these allegations and cites in its defense evidence outside the pleadings, such as Browder's prior statements and recorded conversations. ECF No. 29 at 9. In deciding the instant motions, the court will rely only on those facts set forth in the pleadings. The court will not consider the matters presented that are outside the pleadings and will not convert the motion to one for summary judgment. *See* Fed. R. Civ. P. 12(d). The court notes, however, that disputes of fact are evident, and that the issues raised in Guerra Days' motions to dismiss are better resolved and judicial economy is better served by deferring consideration of the legal issues until summary judgment. Cf. Fed. R. Civ. P. 12(a)(4)(A) (contemplating the postponement of disposition until trial).

Browder does not cite the specific statutory section under which he seeks relief, but says he is seeking relief under the "Civil Rights Act of 1964." This is not fatal to Browder's claims. The court will liberally construe the pleadings to raise claims generally under the anti-discrimination laws of the United States. At a minimum, Browder's claims appear to implicate 42 U.S.C. § 1981, which, among other things, prohibits racial discrimination in the formation, modification, and termination of contracts. 42 U.S.C. § 1981(a)–(b). Browder's claims also appear to implicate 42 U.S.C. § 12182, which prohibits disability-based discrimination by places of public accommodation, which includes an "office of [a] lawyer[.]" 42 U.S.C. §§ 12181(7)(F), 12182(a).

Guerra Days argues that the Civil Rights Act of 1964 does not allow for recovery or redress under the circumstances alleged in this case. Guerra Days focuses on the statutory provisions prohibiting employment discrimination. Browder does not appear

to be alleging employment discrimination, however. As mentioned, there appears to be some statutory basis for Browder's lawsuit. The court will entertain Guerra Days' arguments to the contrary at the summary judgment stage.

Accordingly, Browder has sufficiently, although barely, stated federal claims. The court notes that this conclusion means only that Browder has passed the test under Rule 12(b)(6), not that the court predicts Browder will ultimately prevail. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable[.]" Twombly, 550 U.S. at 556.

### 4. *Supplemental Jurisdiction*

Courts have supplemental jurisdiction over all claims that are so related to claims over which the court has original jurisdiction that they form part of the same case or controversy. *See* 28 U.S.C. § 1367(a). All of Browder's claims arise from the same set of facts. Because the court has original jurisdiction over Browder's federal claims, the court exercises supplemental jurisdiction over the state law claims for intentional infliction of emotional distress and breach of contract.

### 5. *Intentional Infliction of Emotional Distress (IIED)*

Browder brings a cause of action for "Intentional Infliction of Emotional Distress of a Disabled Person." ECF No. 27 at 3. He alleges that "Defendant[']s negligence caused the Plaintiff to suffer Emotional Distress by refusing to Complete Plaintiff[']s case because of his Race and or Color[.]" *Id*. The complaint alleges damages such as emotional pain, mental anguish, and loss of enjoyment of life in the past and future. *Id*.

To state a claim for IIED under Texas law, a plaintiff "must demonstrate that the defendant intentionally or recklessly engaged in extreme or outrageous conduct that resulted in severe emotional distress." *Stelly v. Duriso*, 982 F.3d 403, 407–08 (5th

Cir. 2020) (citing *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 66 (Tex. 1998)). The plaintiff must also demonstrate that there is no alternative cause of action available to redress the alleged misconduct. *Id.* at 408 (citing *Hoffman-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004)). That is because "IIED is a 'gap-filler' tort reserved for 'those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress.'" *Id.* (quoting *Hoffman-La Roche*, 144 S.W.3d at 447).

Browder has not alleged facts demonstrating "extreme or outrageous conduct" by Guerra Days or "severe emotional distress" to Browder. Browder also alleges that it was Guerra Days' negligence, not intentional conduct, that caused his injuries. ECF No. 27 at 3. Further, alternative causes of action, such as those discussed herein, are available to redress the alleged misconduct. Accordingly, Browder has failed to state a claim for IIED, and the motion to dismiss should be **GRANTED** as to that claim.

### *6. Breach of Contract*

Browder alleges that "Defendants Violated Breach of Contract Laws which caused the Plaintiff to suffer Emotional Distress by refusing to Complete Plaintiff[']s case because of his Race and or Color[.]" ECF No. 27 at 4.

"In Texas, '[t]he essential elements of a breach of contract action are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'" *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (alteration in original) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). "A breach occurs when a party fails to perform a duty required by the contract." *Id.*

8

(quoting *Hoover v. Gregory*, 835 S.W.2d 668, 677 (Tex. App.—Dallas 1992, writ denied)).

Browder has alleged the existence of a contractual relationship between he and Guerra Days. He hired the law firm to provide legal services in exchange for $10,000. Browder performed his part of the bargain when he paid the money. Guerra Days is alleged to have breached the contract by failing to provide the agreed-upon legal services. Browder alleges a multitude of damages. That is all that is required at this stage. The motion to dismiss should be **DENIED** as to the contract claim.

### 7. *Leave to Amend*

Under Rule 15(a), courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Rule "evinces a bias in favor of granting leave to amend[,]" so courts must have "substantial reason to deny leave to amend[.]" *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872 (5th Cir. 2000) (cleaned up). Valid justifications for denying leave to amend include undue delay, bad faith, and dilatory motive. *Robertson v. Intratek Comput., Inc.*, 976 F.3d 575, 584 (5th Cir. 2020).

Browder seeks to file a second amended complaint that will "add Injunctive Relief and remove Monetary Damages from [the] Complaint." ECF No. 32 at 1. At this early stage of the litigation, another amendment of the complaint will not cause undue delay or prejudice to Guerra Days. Nothing suggests bad faith or dilatory motive by Browder.

The motion for leave to amend is **GRANTED**. The court will not file the proposed amended complaint, however. Instead, Browder will be given one final opportunity to allege in one single document the facts he seeks to allege, the causes of action he seeks to bring, and the damages or other remedies he seeks. That final amended complaint shall be filed by Friday, November 3, 2023. Browder should expect that further amendment will not be

permitted. Guerra Days may answer or otherwise respond to the complaint by Friday, November 17, 2023. Guerra Days need not repeat the arguments already made in the motion now under advisement. Rather, the court will permit Guerra Days to re-urge all of its legal arguments at the summary judgment stage, when the factual record is more fully developed.

## *8. Conclusion*

Browder's Motion to Amend, ECF No. 32, is **GRANTED**. Browder shall file his final amended complaint by Friday, November 3, 2023. Guerra Days shall answer or otherwise respond by Friday, November 17, 2023.

The court recommends that Guerra Days's Motion to Dismiss, ECF No. 29, be **GRANTED IN PART**, as to Browder's IIED claim only. The court recommends that Browder's IIED claim be **DISMISSED WITH PREJUDICE**. The court recommends that the motion otherwise be **DENIED**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on October 23, 2023.

_____
Peter Bray
United States Magistrate Judge