United States District Court
Southern District of Texas
**ENTERED**
September 13, 2024
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Reginald A. Browder, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-22-2463 |
| | § | |
| Guerra Days Law Group | § | |
| *Defendant.* | § | |

## MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 44. Pending before the court is the Defendant Guerra Days Law Group's (Guerra Days) Motion for Summary Judgment, ECF No. 44. The court recommends that the motion for summary judgment be **GRANTED** in part as to Browder's breach of contract claim and **DENIED** in part as to Browder's race and disability discrimination claims.

This case arises from Defendant Guerra Days' termination of its attorney-client relationship with Plaintiff Reginald Browder. Browder alleges that the termination of the legal services contract was unlawful, constituted a breach of contract, and was done because he is a disabled African American man.

### 1. Factual Background

In October 2020, Browder hired Guerra Days to represent him in a lawsuit regarding the wrongful foreclosure on his home. ECF No. 44 at 1; ECF No. 45 at 22 (Browder Aff.). Guerra Days provided Browder with an engagement agreement that contained a clause stating that it could terminate its representation "to the extent permitted by the ethical and court rules." ECF No. 44-1 at

3 (the parties' engagement agreement); ECF No. 45 at 10.
Pursuant to the parties' agreement, Guerra Days represented
Browder in a state court lawsuit from the filing of Browder's
petition through Guerra Days' withdrawal of representation in
May 2022. ECF No. 44 at 1; ECF No. 45 at 22–23.

According to Browder's complaint,[1] Guerra Days "quit
working [on Browder's case] because of [his] Race and or
Disability." ECF No. 34 at 2 (Browder's 2d Am. Compl.). The
complaint states that "On or around [April 5, 2022] [Browder]
informed [Guerra Days] that he was a Disabled Person of Color
and had received Disability support in the past." *Id.* In an affidavit,
Browder explained that on April 5, 2022, he told his attorney Brent
Smith that his "money was low" and that he "was a disabled person
that has received disability and does not have a lot of money." ECF
No. 45 at 22. A few weeks later, on April 26, 2022, Guerra Days
returned Browder's $10,000 payment and "abandoned" Browder,
purportedly because of his race and or disability. ECF No. 34 at 2.
As for these allegations of race and disability discrimination,
Browder cites these same facts in his response to the instant
motion for summary judgment. *See* ECF No. 45 at 22–23
(Browder's affidavit detailing the timeline of relevant events and
stating that "Guerra Days Law Group quit my case shortly after I
told the Law Firm that I was a Disabled Person with limited
money.").

According to Guerra Days, Smith decided to terminate the
firm's relationship with Browder based on concerns unrelated to

---

[1] Generally, the court does not consider parties' pleadings in the context of
summary judgment. Browder is proceeding pro se, and because Browder could
testify as to the statements in his pleadings that are within his personal
knowledge, the court considers Browder's complaint here.

racial bias.[2] ECF No. 44 at 1. While Guerra Days did not elaborate on Smith's concerns, Browder provided emails[3] showing that Smith told Browder that he withdrew from Browder's case because of Browder's limited income and inability to pay continued legal fees. *See* ECF No. 45 at 31. After an apparent disagreement regarding whether a $10,000 payment would be enough for Guerra Days to try Browder's case, Browder emailed Smith on May 9, 2022, stating "I [cannot] release you from this case because you said that I could get a trial for $10,000 and I would rather you stick to your end of the verbal agreement. I know you said that you made a mistake in the price, but we already had an agreement, and [I] had already sent the payment." *Id.* Smith replied, stating "That is why we returned those funds and filed a motion to withdraw. . . . I did not want to keep the $10k and potentially exhaust [it] . . . preparing your case for trial and then need a trial retainer that you do not have the funds for and end up withdrawing anyway[.]" *Id.*

Guerra Days filed an agreed motion to withdraw on May 5, 2022, which the court granted on May 9, 2022. ECF No. 44 at 2; ECF No. 45 at 23.

Browder sued Guerra Days for violations of 42 U.S.C. § 1981, 42 U.S.C. § 12182, and breach of contract. ECF No. 34 at 2–4; *see also* ECF No. 33 at 6, 8 ("At a minimum, Browder's claims appear to implicate 42 U.S.C. § 1981 . . . [and] 42 U.S.C. § 12182" and

---

[2] While Guerra Days lists several summary judgment exhibits in its motion, including Smith's affidavit, the only exhibit Guerra Days filed is the parties' engagement agreement, ECF No. 44-1.

[3] Although this exhibit and others are not in admissible form, neither party has objected to the other's evidence. This exhibit could also be presented in admissible form with appropriate witness testimony. Therefore, the court considers the emails submitted by Browder to be competent summary judgment evidence.

"Browder alleges that 'Defendants Violated Breach of Contract Laws'").

Since Browder is pro se, the court has liberally construed his pleadings and filings. *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). The court assumes that Browder could testify to the statements he has written, including his complaint, so the court considers as competent evidence all of Browder's statements of fact within his personal knowledge.

### 2. *Summary Judgment Legal Standard*

"Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the non-movant, 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Davenport v. Edward D. Jones & Co.*, 891 F.3d 162, 167 (5th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). No genuine issue of material fact exists if a rational jury could not find for the non-moving party based on the complete record. *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 455 (5th Cir. 2019) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

Initially, "[t]he movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–25 (1986)). "Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.'" *Nola Spice Designs, L.L.C. v. Haydel Enters.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *Transamerica Ins. v. Avenell*, 66 F.3d 715, 718–19 (5th

Cir. 1995) (per curiam)). The non-movant must "go beyond the pleadings," using competent summary judgment evidence to cite "specific facts" showing a genuine issue for trial. *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 357 (5th Cir. 2017) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)).

The court reviews all evidence and reasonable inferences in the light most favorable to the non-moving party. *See Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). The court, however, does not have a duty "to search the record for material fact issues." *RSR Corp. v. Int'l Ins.*, 612 F.3d 851, 857 (5th Cir. 2010). "Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports [the] claim." *Id.*

"[C]onclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence'" are not enough to defeat a properly supported motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). "[T]here must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### 3. *Summary Judgment Analysis*
#### A. *Breach of Contract*

To prevail on a breach of contract claim, the plaintiff must show: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Eagle Group, LLC,* 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App.—Houston

[1st Dist.] 2001, no pet.)). A breach occurs when a party fails or refuses to do something he has promised to do. *Townewest Homeowners Ass'n v. Warner Commc'n Inc.*, 826 S.W.2d 638, 640 (Tex. App.—Houston [14th Dist.] 1992, no writ).

Browder's filings allege two theories for breach of contract. First, Browder's complaint alleges that "Defendants Violated Breach of Contract Laws . . . by refusing to Complete Plaintiff['s] case because of his Race and or Color and or Disability in Violation of The Civil Rights Act of 1964 and TITLE 42 U.S.C."[4] ECF No. 34 at 4. Second, Browder's response to the instant motion for summary judgment presents a new theory: that "The Defendant Breached the Contract by not following the Texas Rules of Civil Procedure when it comes to Attorney Withdrawal." ECF No. 45 at 2 (arguing that the contract permitted Guerra Days to terminate its representation only "to the extent permitted by the ethical and court rules" and that Guerra Days breached the contract by failing to comply with Rule 10's withdrawal requirements); *see also* ECF No. 34 at 2–4.

Browder presents evidence in his affidavit that: (1) there was a valid contract, (2) he paid and tendered performance, and (3) Guerra Days withdrew from representing Browder (and, thus, according to him, breached the contract). ECF No. 45 at 22. Browder claims damages including (1) the loss of his home, (2) filing fees, (3) attorney's fees, (4) emotional distress and mental anguish, and (5) lost wages. *Id.* at 34.

As the movant, Guerra Days bears the burden of identifying the portions of the record that show an absence of a genuine issue of material fact. Guerra Days argues (1) that it did not breach the

---

[4] While Browder's complaint often provides incomplete or confusing citations to his supporting legal authority, the court understands this section to refer to violations of 42 U.S.C. § 1981 and 42 U.S.C. § 12182, as cited fully elsewhere in his complaint. *See* ECF No. 34 at 2 ¶ 20.

contract and (2) that Browder did not sustain damages based on its withdrawal. ECF No. 44 at 6. The court finds that Browder did not sustain damages based on Guerra Days's withdrawal, and thus need not address the breach issue.

Guerra Days claims that Browder did not sustain any damages based on its withdrawal because he obtained new counsel in his underlying case. *See* ECF No. 44 at 6. In his response, Browder does not provide evidence to the contrary. Browder has not shown that his case was compromised by Guerra Days's withdrawal or that the result of his case would have been different had Guerra Days not withdrawn. Moreover, it appears that Guerra Days refunded the $10,000 that Browder paid them. Browder's claims of damages are entirely conclusory.

Accordingly, the court recommends that Guerra Days's summary judgment motion be **GRANTED** as to the breach of contract claim.

### B. 42 U.S.C. § 1981

Section 1981 states that "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). The statute defines making and enforcing contracts to include the "termination of contracts." *Id.* § 1981(b). "To sue successfully for non-employment discrimination under § 1981, [a plaintiff] must show that [he] is a member of a racial minority, that the discrimination concerned one or more activities enumerated in the statute, and that [the defendant] intentionally discriminated against [him] on the basis of [his] race." *Flournoy v. CML-GA WB, LLC*, 851 F.3d 1335, 1338 (11th Cir. 2017); *see also Hager v. Brinker Tex., Inc.*, 102 F.4th 692, 700 (5th Cir. 2024). Such a showing may be made with either direct or circumstantial evidence. *See Flournoy*, 851 F.3d at 1339; *Hager*, 102 F.4th at 699.

In the case of indirect or circumstantial evidence, as here, Section 1981 claims are analyzed under the *McDonnell Douglas*[5] framework, which proceeds in three steps. *Hager*, 102 F.4th at 699. First, the plaintiff must establish a prima facie case of discrimination. *Hager*, 102 F.4th at 699–700 (explaining the *McDonnell Douglas* framework and stating the elements of a prima facie case under Section 1981). Second, the burden shifts to the defendant to show evidence of a legitimate, non-discriminatory reason for the conduct at issue. *Id.* at 699 (citing *Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 254–55 (1981)). Finally, if the defendant discharges its burden, then the plaintiff must show that the defendant's proffered reason is merely pretext for discrimination. *Id.* (citing *Burdine*, 450 U.S. at 256).

Here, Browder points to the temporal proximity between his disclosure of his race and disability on April 5, 2022, and Guerra Days' decision to withdraw, first communicated to Browder on April 26, 2022. *See* ECF No. 45 at 22. Subsequent emails between Browder and Smith, beginning on May 9, 2022, reveal that Smith mistakenly stated that he could try Browder's case for $10,000 and, after Browder sent the $10,000, Guerra Days returned Browder's funds and filed a motion to withdraw. *Id.* at 31.

As the movant, Guerra Days bears the burden of identifying the portions of the record that show an absence of a genuine issue of material fact. In its motion for summary judgment, Guerra Days failed to address the correct legal framework for a Section 1981 analysis. Guerra Days does not address the *McDonnell Douglas* burden shifting framework at all.

Guerra Days also misstates the law and argues that a Section 1981 plaintiff "must identify injuries from a racially motivated breach of their own contractual relationship, not of

---

[5] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

someone else's." ECF No. 44 at 4 (citing *Abdallah v. Mesa Air Group, Inc.*, 83 F.4th 1006 (5th Cir. 2023)). Guerra Days misreads *Abdallah*. *Abdallah* explains that the sentence Guerra Days cites, "[i]n isolation, . . . does suggest that a § 1981 claim requires a breach of contract. But that is an incorrect reading of the case." *Abdallah*, 83 F.4th at 1016. Indeed, the Fifth Circuit in *Adballah* clarifies that a Section 1981 claim does *not* require a breach of contract to succeed. *Id.* Guerra Days claims it is not liable under Section 1981 because Browder cannot show a breach of contract. *See* ECF No. 44 at 4–5. But that is not the law. A plaintiff may succeed on a Section 1981 claim by showing the defendant canceled or modified the contract under its terms based on racial discrimination. *Abdallah*, 83 F.4th at 1015–16.

Because Guerra Days has not addressed the proper legal framework and relies on a misreading of the law, it has not shown that it is entitled to judgment as a matter of law and summary judgment should be **DENIED**.

### 4. *42 U.S.C. § 12182*

The court has read Browder's complaint to include a claim under 42 U.S.C. § 12182. *See* ECF No. 33 at 6. In his complaint, Browder states that he "brings suit against Guerra Days [for] . . . Disability Discrimination, in violation of . . . 42 U.S.C. § 12182 which . . . prohibits disability-based discrimination by places of public accommodation." ECF No. 34 at 2 ¶ 20.

Guerra Days did not move for summary judgment on Browder's § 12182 claim. In fact, Guerra Days does not mention "disability" once in its summary judgment motion. Thus, this claim remains in the case undisturbed.

### 5. *Conclusion*

The court recommends that Defendant Guerra Days Law Group's Motion for Summary Judgment, ECF No. 44, be **GRANTED** in part and **DENIED** in part.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on September 13, 2024.

Peter Bray
United States Magistrate Judge